## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

IN RE:  FRANCISCO FRANCO                                          BK No.: 1:10-bk-12597
EMILCE FRANCO

FRANCISCO FRANCO
EMILCE FRANCO

VS.                                                               AP No.: 1:10-ap-01038

WELLS FARGO FINANCIAL
RHODE ISLAND, INC. AND JOHN DOE,
ALIAS

### DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Now comes the defendant, WELLS FARGO FINANCIAL RHODE ISLAND, INC. ("Defendant"), in relation to the above-captioned Adversary Proceeding, and in Answer to Plaintiffs' Amended Complaint, as alleged against it, herein responds as follows:

### COUNT I

1.     The Defendant states that the document referenced in paragraph one of the Plaintiffs' Amended Complaint ("Amended Complaint") speaks for itself, thus no response is required.

### JURISDICTION

2.     As the allegations contained in paragraph two of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph.

### PARTIES

3.     The Defendant admits that the Plaintiffs were the owners of the Property when the Mortgage was granted.  The Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph three of the Amended Complaint.

4.      The Defendant admits the allegations contained in paragraph four of the Amended Complaint.

5.      The Defendant admits the allegations contained in paragraph five of the Amended Complaint.

6.      The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph six of the Amended Complaint.

7.      The Plaintiffs do not include a paragraph seven in their Amended Complaint, thus no response is required.

## IV.  FACTUAL FINANCIAL ALLEGATIONS

8.      The Defendant admits the allegations contained in paragraph eight of the Amended Complaint.

9.      The Defendant admits the allegations contained in paragraph nine of the Amended Complaint.

10.     The Defendant denies the allegations contained in paragraph ten of the Amended Complaint.

11.     The Defendant denies the allegations contained in paragraph eleven of the Amended Complaint.

12.     The Defendant admits that the Property was scheduled for foreclosure prior to the filing of this action.  The Defendant denies the allegation concern an "overcharge."  The remainder of paragraph twelve of the Amended Complaint states a conclusion of law, to which no response is required.

## V.  FIRST CAUSE OF ACTION

13. The Defendant admits that it received a correspondence from the Plaintiffs on or about May 25, 2010.  The Defendant denies the remaining allegations contained in paragraph thirteen of the Amended Complaint.

14. The Defendant admits that it received a correspondence from the Plaintiffs on or about May 25, 2010.  As the remaining allegations contained in paragraph fourteen of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the remaining allegations in this paragraph.

15. As the allegations contained in paragraph fifteen of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph.

16. As the allegations contained in the first sentence of paragraph sixteen of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this sentence. The Defendant denies the allegations contained in the remainder of paragraph sixteen of the Amended Complaint.

17. As the allegations contained in paragraph seventeen of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph.

18. As the allegations contained in paragraph eighteen of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph.

19. The Defendant denies the allegations contained in paragraph nineteen of the Amended Complaint.

## COUNT II

20. The Defendant reaffirms and re-alleges its responses contained in paragraphs one through nineteen and incorporates the same herein by reference.

21. The Defendant denies the allegations contained in paragraph twenty-one of the Amended Complaint.

22. As the allegations contained in paragraph twenty-two of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph.

## COUNT III

23. The Defendant reaffirms and re-alleges its responses contained in paragraphs one through twenty-two and incorporates the same herein by reference.

24. As the allegations contained in paragraph twenty-four of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph. To the extent that a response is required, the Defendant denies the allegations contained in paragraph twenty-four of the Amended Complaint.

25. As the allegations contained in paragraph twenty-five of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph. To the extent that a response is required, the Defendant denies the allegations contained in paragraph twenty-five of the Amended Complaint.

26. As the allegations contained in paragraph twenty-six of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph. To the extent that a response is required, the Defendant denies the allegations contained in paragraph twenty-six of the Amended Complaint.

27. As the allegations contained in paragraph twenty-seven of the Amended Complaint state a legal conclusion, the Defendant can neither admit nor deny the allegations in this paragraph. To the extent that a response is required, the Defendant denies the allegations contained in paragraph twenty-seven of the Amended Complaint.

28. The Defendant denies the allegations contained in paragraph twenty-eight of the Amended Complaint.

29. The Defendant admits that the Property was scheduled for foreclosure prior to the filing of this action. The Defendant denies the allegation concerning an "overcharge." The remainder of paragraph twenty-nine of the Amended Complaint states a conclusion of law, to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint fails to state a claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint should be dismissed because this Court lacks jurisdiction over the person of Wells Fargo Financial Rhode Island, Inc.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint should be dismissed because this Court lacks jurisdiction over the subject matter of this action.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint should be dismissed because the venue of this action is improper.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint should be dismissed as to Wells Fargo Financial Rhode Island, Inc. due to insufficiency of service of process upon Wells Fargo Financial Rhode Island, Inc.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint should be dismissed as to Wells Fargo Financial Rhode Island, Inc. because the claims asserted therein are barred by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint should be dismissed as to Wells Fargo Financial Rhode Island, Inc. because the claims asserted therein are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged loss or damages suffered by the Plaintiffs was caused by others over whom Wells Fargo Financial Rhode Island, Inc. had no control and for whose actions Wells Fargo Financial Rhode Island, Inc. is not responsible.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint fails to state a claim for which exemplary, punitive, equitable, or multiple damages are recoverable.

### TENTH AFFIRMATIVE DEFENSE

Any alleged loss or damages suffered by the Plaintiffs was the result of intervening and/or superseding acts of others over whom Wells Fargo Financial Rhode Island, Inc. had no control and for whose acts Wells Fargo Financial Rhode Island, Inc. are not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted against Wells Fargo Financial Rhode Island, Inc. in the Plaintiffs' Amended Complaint, if any, are barred on the grounds of estoppel and waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any claims in the Plaintiffs' Amended Complaint asserting any alleged fraud by Wells Fargo Financial Rhode Island, Inc. should be dismissed due to plaintiffs' failure to plead such claims with requisite particularity.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Wells Fargo Financial Rhode Island, Inc. are barred because they have been released or forfeited.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Wells Fargo Financial Rhode Island, Inc. are barred because Wells Fargo Financial Rhode Island, Inc. fulfilled all obligations pursuant to the relevant documents.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are not entitled to recover from the defendants due to their failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against the Wells Fargo Financial Rhode Island, Inc. are barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Wells Fargo Financial Rhode Island, Inc. states that the Plaintiffs' breached the terms of their Note and Mortgage and, therefore, the Wells Fargo Financial Rhode Island, Inc. owes the Plaintiffs nothing and cannot be held liable for the Plaintiffs' alleged damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are, in whole or in part, barred because the conduct alleged, if proven true, was the result of a bona fide administrative or clerical error, notwithstanding the maintenance of procedures reasonable adapted to avoid any such error.

### JURY DEMAND

The Defendant, Wells Fargo Financial Rhode Island, Inc., hereby demands a trial by jury on all claims raised in this matter.

          Respectfully submitted,
          Defendant,
          WELLS FARGO FINANCIAL
          RHODE ISLAND, INC.,
          By its Attorneys

          */s/ Thomas R. Lavallee*
          Shanna M. Boughton, Esq. # 8283
          Thomas R. Lavallee, Esq. # 8579
          LeClairRyan, *A Professional Corporation*
          One International Place, Eleventh Floor
          Boston, MA 02110
          Phone: (617) 502-8200
          Fax: (617) 502-8201
          shanna.boughton@leclairryan.com
          thomas.lavallee@leclairryan.com

Date: January 15, 2014

# **CERTIFICATION**

I, Thomas R. Lavallee, hereby certify that on this 15th day of January 2014, I electronically filed the foregoing *Answer to Plaintiffs' Amended Complaint* with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

                                                           */s/ Thomas R. Lavallee*
                                                           Thomas R. Lavallee